Benjamin and Carol Harrison filed an ejectment action against Richard Kelly, Continental Federal, Inc., and Shangri-La Farms, Inc. The defendants appeal from a summary judgment for the Harrisons, contending that they were not given proper notice of the summary judgment hearing.
The Harrisons owned a large parcel of land in Talladega County. In June 1985, they sold the property to Atlas Financial Services, Inc. Atlas transferred the property, subject to a mortgage held by the Harrisons, to Shangri-La. A deed was prepared to transfer the property from Shangri-La to Kelly Farms, Inc. The attorney who prepared the deed was instructed to hold it in trust until the underlying business transaction was closed. This transaction was not completed, but the deed was mistakenly filed for record. When the mistake was discovered, a "Corrective Quit Claim Deed" was executed and recorded which transferred title back to Shangri-La.
In January 1987 Shangri-La failed to make payment. On January 16, 1987, the Harrisons entered into a written agreement with Kelly, Shangri-La, Atlas, and Kelly Farms, which provided that the Harrisons would not begin foreclosure proceedings if Shangri-La would make certain scheduled payments and become current on the debt by September 30, 1987. The agreement also provided that a deed in lieu of foreclosure would be executed by Shangri-La and held in escrow by the Harrisons' attorney and that if all of the mortgage payments were made, the deed in lieu of foreclosure would be returned to Shangri-La and if default occurred in any payment, the deed could be recorded by the Harrisons. The first payment under the agreement was due on March 31, 1987.
On March 26, 1987, Shangri-La, All States Leasing, Inc., and Associated Investment Corporation merged into Continental and Continental assumed title to the property and assumed the mortgage obligation. On March 31, 1987, Continental filed a petition for relief under Chapter 11 in bankruptcy court. The mortgage payment due on March 31, 1987, was not made. On June 9, 1987, the Harrisons recorded the deed in lieu of foreclosure dated January 16, 1987.
On June 19, 1987, the Harrisons filed this ejectment action. On August 18, 1987, the parties were notified that the case was set on the trial docket for the week of September 28, 1987. On August 24, 1987, the Harrisons filed a motion for summary judgment.
On the morning of September 28, 1987, the trial docket was called. When this case was called, the trial court ordered a continuance but set a hearing on the Harrisons' motion for summary judgment for that afternoon.
At the hearing, the attorney for the defendants informed the court that he was not prepared to argue the summary judgment motion and informed the court of the pending bankruptcy proceeding. The court then advised the parties that it would grant the Harrisons' motion unless the defendants could get an appropriate order from the bankruptcy court.
The defendants requested an emergency hearing and a temporary restraining order in the bankruptcy court. The hearing was held on September 30, 1987, and the bankruptcy court, on the same day, denied the *Page 445 
request for a restraining order. No one disputes the fact that the bankruptcy court refused to enter any orders concerning the State court action. Summary judgment was entered in favor of the Harrisons on October 1, 1987. The defendants filed a motion to set aside the judgment, which was denied.
The defendants contend that the trial court erred in granting the Harrisons' motion for summary judgment without affording them adequate notice and over their Rule 56(f), A.R.Civ.P., affidavit and request for continuance.
Rule 56(c) states: "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits." We agree with the Harrisons that, according to its literal terms, Rule 56(c) may be read to require only a minimum of 10 days from the day the motion is filed before a hearing may be held,[1] but it does not specify how much time is to be allowed between the day a hearing is set and the day of the hearing itself.
If read literally, the Rule could be construed to permit trial courts, acting on the ninth day after a motion for summary judgment had been filed, to set the hearing date on the motion for the following day. Of course, such a literal construction could render the balance of the Rule unworkable. The very next sentence, which provides that the adverse party may serve opposing affidavits prior to the day of the hearing, has been construed as denying the adverse party the right to be heard, unless such party, pursuant to Rule 6(b), shows "excusable neglect" for failure to comply. For this reason and the further reason that a shorter notice of hearing period may invoke due process considerations, this Court has construed Rule 56(c) as providing for a ten-day notice of hearing on a motion for summary judgment. Nolen v. Peterson, 544 So.2d 863
(Ala. 1989); Hightower v. United States Fidelity GuarantyCo., 527 So.2d 698 (Ala. 1988). See 2 C. Lyons, Alabama Rulesof Civil Procedure Annotated, § 56.3 (2d ed. 1986).
The mere failure of strict compliance does not necessarily end the inquiry. The requirements of Rule 56(c) are procedural in nature and the trial court is afforded a range of discretion in their application. If the adverse party seeks additional time to submit substantial matters in opposition to the motion or seeks discovery of matters that might lead to a defense, the trial court's denial of the minimum time proscribed by the Rule would be arbitrary and thus an abuse of discretion. The defendants knew on August 18 that trial was set for September 28.
Here, to sustain the burden of demonstrating an abuse of discretion, the adverse parties needed only to come forth with any showing that the denial of the full ten-day notice period worked to their prejudice.
Finding no such averment or showing of actual prejudice, we hold that the trial court did not abuse its discretion.
The trial court gave the defendants additional time to secure an order from the bankruptcy court. The bankruptcy court declined to intervene and, absent such intervention, the case was ripe for judgment. In view of the default in payment, the deed in lieu of foreclosure, and the ruling of the bankruptcy court, summary judgment was appropriate. The failure to give ten days' notice of the summary judgment hearing, under these circumstances, is harmless error. Rule 45, Ala.R.App.P.
The judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX and ADAMS, JJ., concur.
STEAGALL, J., concurs in the result.
[1] The time requirements of Rule 56(c) may, of course, be waived by the parties. See, e.g., Hutchins v. State Farm Mutual Auto.Ins. Co., 436 So.2d 819 (Ala. 1983). *Page 446