This is an appeal from the denial of a motion for relief from judgment made pursuant to Rule 60(b), A.R.Civ.P.
The issue in this case is whether the trial court denied Hilliard the 10-day notice required by Rule 56(c), A.R.Civ.P., and, if so, whether Hilliard was prejudiced by that denial. We hold that the court did violate the 10-day requirement of Rule 56(c) and that Hilliard was prejudiced. We reverse the denial of the Rule 60(b) motion.
In 1988, the plaintiffs sued Earl F. Hilliard for allegedly defaulting on payments due under a real estate mortgage note. The case was settled pursuant to an agreement executed in November 1989.
The plaintiffs filed a motion to enforce the terms of the settlement agreement on June 27, 1990. The trial court scheduled a hearing on the motion for August 23, 1990. On July 30, 1989, the plaintiffs filed an amendment to the motion and filed a motion for summary judgment. The hearing on the amended motion and on the summary judgment motion was then set for August 9, 1990.
On August 9, 1990, the trial court entered a summary judgment in favor of the plaintiffs with leave to prove damages. We note that Hilliard's counsel failed to attend this hearing.
After damages were assessed, a final judgment was entered on September 12, 1990, in the amount of $293,967.86 plus costs. Hilliard filed his Rule 60(b) motion for relief from that judgment on September 18, 1990.
In his motion, Hilliard claimed that the court, in entering the summary judgment, had violated Rule 56(c), which requires that the motion for summary judgment be served at least 10 days before the time set for the hearing. The trial court denied the motion on October 10, 1990, with an order stating that the 10-day notice requirement had been complied with because the original motion to enforce the settlement agreement had been filed on June 27, 1990, and the hearing was on August 9, 1990.
On October 30, 1990, Hilliard appealed from the summary judgment. However, that appeal was dismissed as untimely. *Page 828 
This present appeal is from the denial of the Rule 60(b) motion. The issue, as stated earlier, relates to whether the trial court denied Hilliard the 10-day notice he was entitled to before the court could rule on the summary judgment motion. Whether a Rule 60(b) motion should be granted or denied is a matter within the sound discretion of the trial court, and its judgment will not be disturbed unless it abuses that discretion. Ex parte Lang, 500 So.2d 3 (Ala. 1986). An appeal from an order denying a Rule 60(b) motion presents for review only the correctness of that order and does not present for review the correctness of the final judgment from which the appellant seeks relief under the Rule 60(b) motion. Cockrell v.World's Finest Chocolate Co., 349 So.2d 1117 (Ala. 1977).
The basis of Hilliard's Rule 60(b) motion is the contention that the trial court erred in holding the summary judgment hearing less than 10 days after the motion was served. Rule 56(c) states that the service of the summary judgment motion must have been made at least 10 days before the date set for the hearing. We have held, because of due process considerations, that this provision is not to be applied literally, but that it will be applied to require a minimum of 10 days between the date the hearing is set and the date of the hearing. Kelly v. Harrison, 547 So.2d 443 (Ala. 1989). Pursuant to Rule 6(a), the date on which the hearing is set is not included in the 10 days required for notice. Therefore, in this case, only 9 full days had elapsed between notice of the hearing and the hearing itself, instead of the required 10 days.
Once a party shows noncompliance with the notice requirement, the party then must show that the trial court abused its discretion by failing to comply with that requirement. To demonstrate an abuse of discretion, the party need only come forth with any showing that the denial of the full 10-day notice period worked to his prejudice. Kelly, 547 So.2d at 445. Hilliard argues that the violation of the 10-day rule did prejudice him.
The record reveals that on August 9, 1990, the trial court held:
 "It appearing that there is no genuine issue as to any material fact and that the plaintiff is entitled to a judgment as a matter of law, the foregoing amended motion and motion for summary judgment is granted. A summary judgment is rendered in favor of plaintiff and against the defendant, Earl Hilliard, with leave to prove damages."
(Emphasis added.)
Although the trial court held in its October 10, 1990, order that the hearing on the motion for summary judgment complied with the 10-day requirement, we do not agree. The trial court specifically entered a summary judgment on August 9, 1990, on the amended motion and on the motion for summary judgment. We find that the trial court did not comply with the 10-day requirement. We must now consider whether Hilliard has been prejudiced by the trial court's failure to comply.
Hilliard argues that he was prejudiced by the rescheduling of the hearings. The hearing on the original motion was scheduled for August 23, 1990. The hearing on the amended motion and the summary judgment motion was on August 9, 1990, 14 days earlier than the hearing on the original motion had been scheduled.
Hilliard also argues that he was prejudiced by his counsel's failure to attend the hearing. The record indicates that Hilliard's counsel was in a federal court in another state on August 9, 1990, and did not have sufficient time to reschedule the federal court appearance.
We find that Hilliard was prejudiced by the failure to comply with the 10-day notice requirement. We reverse and remand.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur. *Page 829