ROBERTSON, Presiding Judge.
This is an appeal from the grant of a summary judgment in a worker’s compensation action.
On November 22, 1991, Charles Wesley filed an action against Georgia-Pacific Corporation for benefits under the Alabama Workers’ Compensation Act. On May 22, 1992, Georgia-Pacific filed its motion for summary judgment, with supporting affidavits and brief, based on the statute of limitations. Wesley was served by hand delivery on May 22, 1992, and the trial court set the motion for a hearing on June 2, 1992. Wesley’s attorney contends in his brief that he filed a motion for continuance due to previously scheduled court appearances in the District Court of Baldwin County; however, the record contains no such motion. The trial court proceeded to hold a hearing on the summary judgment motion on June 2, 1992, and granted Georgia-Pacific’s motion and dismissed the case. Wesley did not file any post-judgment motion.
The sole issue raised by Wesley on appeal is whether the grant of Georgia-Pacific’s motion for summary judgment was proper. He contends that he was not afforded notice of the hearing on the motion ten full days before the date of the hearing.
The only authority cited by Wesley is Hilliard v. Southtrust Bank of Alabama, N.A., 581 So.2d 826 (Ala.1991). Hilliard involves an appeal from the denial of a Rule 60(b), A.R.Civ.P., motion for relief and holds that “[ojnce a party shows noncompliance with the notice requirement, the party then must show that the trial court abused its discretion by failing to comply with that requirement. To demonstrate an *290 abuse of discretion, the party need only come forth with any showing that the denial of the full 10-day notice period worked to his prejudice.” Citing Kelly v. Harrison, 547 So.2d 443 (Ala.1989). Hilliard at 828.
First, the record reflects that the motion for summary judgment was served at least 10 days before the date set for the hearing, as required by Rule 56(c), A.R.Civ.P. However, our supreme court “has construed Rule 56(c) as providing for a ten-day notice of hearing on a motion for summary judgment.” Kelly at 445. While Wesley contends in his brief that he was not afforded the full ten-day notice as required by Kelly, the record does not reflect that he was not given such notice. If the record did reflect a failure of strict compliance, Wesley must then show an abuse of discretion by a showing that the denial of the full ten-day notice period worked to his prejudice. Hilliard and Kelly. This, Wesley has also failed to show. The record reflects that there was no dispute that the case was filed outside the statute of limitations.
The judgment is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
RUSSELL, J., concurs in result only.