[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 277 
Ralph D. Middaugh and Frances D. Middaugh, as the parents of two minors, Cynthia Ann Middaugh (deceased) and Ralph D. Middaugh, Jr., sued the City of Montgomery; the Montgomery City Council; the Montgomery County Commission; the State of Alabama Highway Department; the State of Alabama Department of Public Safety; Twin Lakes Community, Inc.; H. Houghton Smith; CSX Transportation, Inc.; AAA Signs, Inc; Walter H. McGhee; Joseph L. Whatley; and Whatley Contract Carriers, Inc., alleging that wanton, willful, reckless, and/or negligent conduct on the part of the defendants caused an automobile accident that resulted in Cynthia Ann Middaugh's death and bodily injury to Ralph D. Middaugh, Jr. The trial court entered summary judgments for the defendants, and the Middaughs appeal.[1]
A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P. The movant bears the burden of initially showing these two prongs of the rule, but upon such a showing the burden shifts to the nonmovant to rebut the showing with substantial evidence creating a genuine issue of material fact. Maharry v. City of Gadsden, 587 So.2d 966
(Ala. 1991). Substantial evidence is defined as "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *Page 278 West v. Founders Life Assurance Co. of Florida, 547 So.2d 870,871 (Ala. 1989).
In this case, the undisputed facts are as follows: On the evening of August 22, 1990, Ralph Jr., Cynthia, and two others were passengers of a car driven by Stephen Meadows. Meadows had been drinking alcoholic beverages that evening. Meadows drove the car out of the Twin Lakes Community in Montgomery, going east on Twin Lakes Parkway toward U.S. Highway 31. There is a stop sign at that intersection requiring east-bound motorists on Twin Lakes Parkway to stop before entering the highway. Meadows did not observe the stop sign and drove into the intersection into the path of an oncoming tractor-trailer driven by Walter H. McGhee; the truck struck the middle of Meadows's car. Ralph Jr. sustained serious injuries and all other persons in the car were killed.
On the motions for summary judgment, the defendants argued that the accident was caused by Meadows's intoxication and failure to heed the stop sign. The defendants presented deposition testimony from Laura Shevlin, a forensic scientist with the Alabama Department of Forensic Sciences, who examined the bodies of the accident victims and who determined that Meadows had a blood alcohol level of 0.209% at the time of the crash. Shevlin, who was not a paid expert for the defendants, testified that this was more than double the legal percentage for intoxication and that this level of alcohol would have inhibited Meadows's ability to obey the stop sign and to appreciate the danger involved in not obeying it. The defendants also presented the police report regarding the accident, in which investigating officer Guy Rush stated that the "driver, being under an influence of an alcoholic beverage, failed to yield the right-of-way to the Freightliner tractor-trailer truck, [and] entered the intersection causing the tractor-trailer truck to collide with [the Chevrolet Cavalier automobile driven by Meadows], period." This testimony was corroborated by the affidavit of another officer who investigated the accident. The defendants also presented the affidavit of the lone eyewitness, who stated that Meadows "ran" the stop sign and drove the car directly into the path of McGhee's truck. The eyewitness stated that McGhee was not traveling at an excessive speed and that he could have done nothing to avoid hitting Meadows's vehicle, because Meadows did not observe the stop sign.
The Middaughs offered no evidence to rebut the evidence that Meadows failed to heed the stop sign and drove his car directly into the path of McGhee's truck. In response to the evidence of Meadows's intoxication, the Middaughs offered the deposition testimony of Ralph Jr., who stated that Meadows had been a regular drinker since childhood and that a blood alcohol level of .209% would not impair his ability to drive a car because he was accustomed to such a blood alcohol level. The Middaughs did introduce expert testimony to indicate that McGhee could have been driving at a speed five to seven miles per hour higher than the legal speed limit of 55 miles per hour and that the accident could have been avoided if he had been traveling at the legal speed limit. The Middaughs also sought to establish that a lighted advertising sign placed at the entrance of Twin Lakes Parkway was a dangerous obstruction because, they contended, it had bright, flashing bulbs that prevented Meadows from seeing McGhee and thereby avoiding the accident. The defendants rebutted this allegation with affidavits of the two investigating police officers, who stated that the advertising sign posted outside the Twin Lakes Community entrance was not lighted on the evening of the accident. The defendants also presented the deposition testimony of Ralph Jr., who stated that he was lying down in the back seat of the car at the time of the accident. Ralph Jr. was thus unable to say whether the sign was lighted or whether Meadows ever stopped even to look in the direction of the sign before driving into McGhee's path.
The Middaughs argue that the trial court improperly admitted the affidavits and deposition offered by the defendants and that various procedural errors justify reversal of the summary judgments. The Middaughs first argue that the trial court *Page 279 
failed to allow a full 10 days' notice period between the filing of the motions for summary judgment and the hearing on these motions.
The record shows that the defendant CSX Transportation filed a motion for summary judgment on June 3, 1992. On June 9, the trial court conducted a conference call with counsel for the Middaughs and for several of the defendants. During the conference call, the trial court ordered any other defendants who were so inclined, to file motions for summary judgment on or before June 12, 1992, and the court scheduled the hearing on the motions for June 22, 1992. The various defendants, except AAA Signs, filed summary judgment motions by June 12 and served supporting affidavits and other evidence up until June 19.
Rule 56(c) provides that a motion for summary judgment "shall be served at least 10 days before the time fixed for hearing. The adverse party prior to the day of hearing may serve opposing affidavits." However, the mere failure to strictly comply with this provision does not necessarily warrant a reversal; the requirements of Rule 56(c) are procedural in nature, and the trial court is afforded a wide range of discretion in applying them. Kelly v. Harrison, 547 So.2d 443
(Ala. 1989). Here, the trial court informed the Middaughs' counsel on June 9 of the June 22 hearing, thus affording him more than the minimum 10 days' notice of the hearing; the record reveals no abuse of discretion on this point.
The Middaughs next argue that even if there was a full 10 days' notice of the hearing, the trial court erred in failing to grant their June 12 motion for a continuance. In their motion, the Middaughs sought a continuance until the defendants 1) supplied a more definite statement of the reasons why summary judgments should be entered and 2) responded to pending motions for discovery.
If a party seeks additional time to submit substantial matters in opposition to a summary judgment motion, the trial court's denial of the minimum time prescribed by the rule would be arbitrary and, thus, an abuse of discretion. Kelly v.Harrison. Here, the record shows that the case was filed on August 20, 1991, and that the Middaughs' counsel conducted 14 depositions thereafter. Despite extensive discovery, the Middaughs' counsel admitted at the summary judgment hearing that there was no way he could rebut the defendants' evidence that Meadows ran the stop sign and thereby caused the accident. We do not find that the trial court abused its discretion in denying the continuance, when additional time would not have enabled counsel to provide substantial evidence to rebut the prima facie showing; accordingly, there is no error as to this issue.
The Middaughs next argue that the trial court improperly allowed the defendants to file affidavits up to three days before the hearing on June 22, 1992, and even after the hearing. Rule 6(d), A.R.Civ.P., allows the trial court discretion to permit the service of affidavits that might otherwise be untimely, and its decision to accept such affidavits will not be reversed absent an abuse of discretion.Nolen v. Peterson, 544 So.2d 863 (Ala. 1989). Here, no such abuse of discretion is evident. Although the record, at first glance, seems to indicate that certain depositions were not filed with the court until June 23, a closer examination reveals that the evidence was actually filed on June 19 and that the June 23 filing was merely repetitive. The record further shows that the other evidence in support of the defendants' motion was filed on or before June 19 and was properly before the court at the hearing on the summary judgment motions; accordingly, we find no reversible error as to this issue.
The Middaughs next argue that the trial court improperly admitted oral testimony at the hearing. Although Rule 56(c), A.R.Civ.P., contemplates that evidence presented at a summary judgment hearing will be written, Rule 43(e) permits the trial court discretion to hear oral testimony at a hearing on a motion. The record shows that the trial court heard limited oral statements from a single witness, solely in regard *Page 280 
to whether AAA Signs owned the advertising sign positioned outside the Twin Lakes community. AAA Signs was not even before the court on a motion for summary judgment on June 22; thus, there is no indication that the oral testimony unfairly prejudiced the Middaughs as to any relevant issue before the court that day. We therefore find no reversible error in admitting the oral testimony.
The Middaughs next argue that the trial court erred in disallowing certain affidavits offered in opposition to the motions for summary judgment. The record shows that most of the affidavits were from individuals who had driven past the intersection in the months before the accident and who averred that the advertising sign was an obstruction. This Court has previously held that any testimony concerning the condition of property either before or after an accident should be corroborated by proof that the condition had not changed during the interval. Leeth v. Roberts, 295 Ala. 27, 322 So.2d 679
(1975). Similarity of circumstances is a necessary predicate when the existence of an object or condition at a given time is in issue or is the gravamen of the action or defense. Leeth.
Here, the affidavits offered by the Middaughs do not contain this necessary predicate. Moreover, the affidavits do not contain evidence to show that Meadows ever even looked in the direction of the advertising sign before he ran the stop sign and drove into the path of McGhee's truck. It was within the trial court's discretion to admit or deny these affidavits,Nolan v. Peterson; considering all the circumstances, we find no error in the trial court's exclusion of these affidavits.
The Middaughs next allege several errors in admitting Shevlin's deposition testimony at the hearing. They argue that they were improperly denied the opportunity to cross-examine Shevlin when she gave her deposition, that Shevlin was not qualified to render an opinion because she did not perform an autopsy on Meadows, and that the trial court improperly relied upon her deposition testimony in entering its judgments.
The record is replete with evidence to establish Shevlin's expertise in the field of forensic science. The record also shows that Shevlin was not a paid expert witness for the defendants; rather, she testified as an employee of the Alabama Department of Forensic Sciences. The defendants deposed her on March 27, 1992, and she testified as to Meadows's blood alcohol level at the time of the accident and as to the effect that his blood alcohol level would have had on his driving abilities. Shevlin testified that she did not perform an autopsy upon Meadows, but drew samples of his blood and body fluids, which she said were tested for alcohol according to the accepted procedures of her field. The defendants terminated the deposition before counsel for the Middaughs had cross-examined her; however, the Middaughs' counsel did not object, nor did he seek to reschedule a deposition for cross-examination during the next three months before the summary judgment hearing. Moreover, the trial court specifically stated at the hearing that it did not consider the Shevlin testimony to be outcome-determinative, but merely corroborative and useful to explain why Meadows ran the stop sign. In view of these facts, we find no error in admitting the Shevlin deposition at the hearing.
The last issue raised is whether the plaintiffs presented substantial evidence to rebut the defendants' showing that the accident was proximately cause by Meadows's failure to heed the stop sign. The Middaughs introduced expert testimony at trial to indicate that McGhee could have been traveling five to seven miles per hour over the speed limit of 55 miles per hour and that the accident could have been avoided if he had been traveling within the limit. The overwhelming weight of the evidence, however, shows that Meadows had been drinking alcoholic beverages before he drove that evening, that he was intoxicated at the time he drove, and that he failed to heed a stop sign and drove into the path of McGhee's vehicle. The Middaughs attempted to show that the advertising sign placed at the entrance to the Twin Lakes subdivision obstructed Meadows's *Page 281 
view of McGhee's truck and thus caused the collision; however, there was no evidence that Meadows ever saw the sign or looked toward it as he drove past the stop sign and into the path of the truck. After reviewing the voluminous record in full, we must conclude that the Middaughs failed to present substantial evidence to rebut the prima facie showing that the accident was caused solely by Meadows's failure to observe the stop sign.
The summary judgments were therefore proper and they are hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.
[1] AAA Signs, Inc., was not a party to the hearing on the motions for summary judgment and is not a party to this appeal. The court made the summary judgments for the other parties final pursuant to Rule 54(b), A.R.Civ.P.