852 So.2d 92 (2002)
Ex parte ORGANIZED COMMUNITY ACTION PROGRAM, INC.
(In re Elizabeth White v. Organized Community Action Program, Inc.)
1010316.
Supreme Court of Alabama.
August 30, 2002.
Rehearing Denied December 20, 2002.
*93 Paul Myrick and Scott Hetrick of Adams & Reese, L.L.P., Mobile; and Jack B. Weaver of Weaver & King, Monroeville, for petitioner.
J. Milton Coxwell, Jr., of Coxwell & Coxwell, Monroeville, for respondent.
SEE, Justice.
Elizabeth White was employed as a Head Start teacher for the Organized Community Action Program, Inc. ("OCAP"). On August 23, 1999, OCAP notified White that because she had failed to comply with OCAP's career-development requirements, it would not rehire her at the beginning of the school year. White asked the Equal Employment Opportunity Commission ("EEOC") for information about filing an action against OCAP for alleged age discrimination in its decision not to rehire her.
On March 1, 2000, White formally filed an age-discrimination charge with the EEOC against OCAP. Her charge stated that the discrimination occurred on August 23, 1999. In June 2000, White filed a complaint against OCAP in the Monroe Circuit Court. The complaint alleged age discrimination in employment in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"). OCAP answered, asserting as an affirmative defense that White's claim was time-barred because she did not file an age-discrimination charge with the EEOC within 180 days after the date of the alleged unlawful employment practice.
On January 18, 2001, OCAP moved for a summary judgment in the Monroe Circuit Court action based on White's untimely filing of her EEOC claim. In support of its summary-judgment motion, OCAP filed a statement of facts and a brief. White filed her own affidavit in opposition to the summary-judgment motion, alleging that she had sent a letter to the EEOC before the 180-day deadline for filing her charge had passed, and that on February 15, 2000, an EEOC representative had telephoned *94 her to discuss her claims. She stated in her affidavit that "[her] written letter which contained [her] claim of age discrimination was received by the EEOC in Birmingham in late January or early February, 2000, which was less than six months after [her] discharge from employment." White did not produce a copy of her letter.
OCAP filed a response, arguing that White's contention that she had sent a letter to the EEOC was not supported by substantial evidence. OCAP argued that White's letter, even if the EEOC received it, did not qualify as a "charge" against OCAP because, it argued, an EEOC charge must be verified, and the letter was not written under oath or affirmation. See, e.g., Gonzalez v. Hoechst Celanese, No. C.A. C-9-125 (S.D.Tex., Dec. 1, 1997)(not published in F.Supp.); Danley v. Book-of-the-Month Club, Inc., 921 F.Supp. 1352 (M.D.Pa.1996). OCAP also moved to strike those portions of White's affidavit in which she explained the contents of her alleged letter to the EEOC.
In February 2001, the trial court granted OCAP's motion to strike those portions of White's affidavit and entered a summary judgment for OCAP. White did not appeal. Instead, on April 10, 2001, she filed what she styled as a "motion for new trial or rehearing." The trial court treated this motion as a Rule 59(e), Ala. R. Civ. P., motion to alter, amend, or vacate the summary judgment. More than two months later, on June 21, 2001, White filed with the trial court a copy of her original letter to the EEOC and the affidavit of an EEOC employee, Donald Burris. White also filed with the letter and affidavit a statement that those documents established that her EEOC charge was timely filed. OCAP moved to strike White's filing as untimely.
The trial court scheduled a hearing on White's Rule 59(e) motion for July 16, 2001. After the hearing was scheduled, the trial court realized that it had set the hearing date after the expiration of the 90-day period in which a trial court can dispose of pending postjudgment motions. See Rule 59.1, Ala. R. Civ. P. Rather than deny the motion through inaction, the trial court, without a hearing, granted the motion to avoid prejudicing White. OCAP moved for reconsideration of the decision to grant White's motion, and it moved to strike Burris's affidavit.
The trial court denied OCAP's motions after a hearing, writing:
"Less than thirty days after the court's order and entry of final judgment, Ms. White filed a `motion for new trial or rehearing,' which this Court construed as a Rule 59(e) motion to vacate the summary judgment. Two months after that, Ms. White filed an affidavit of Donald Burris, an EEOC official.
"This court finds that the Donald Burris affidavit creates a genuine issue of material fact on whether the Plaintiff's EEOC charge was timely filed. This factual dispute is the sole basis for this court's decision to grant the Plaintiff's motion for rehearing and to vacate the summary judgment in favor of OCAP."
OCAP now petitions for a writ of mandamus directing the trial judge to vacate its order granting White's motion and to reinstate the summary judgment for OCAP. OCAP alleges that the trial court did not have jurisdiction to consider the affidavit and the letter White filed more than two months after the trial court entered the summary judgment.
In Moore v. Glover, 501 So.2d 1187, 1189 (Ala.1986), this Court held:
"[P]laintiff's motion, with its attached exhibit and affidavit, sought to have the trial court reconsider its grant of summary judgment in light of the new evidence *95 (as opposed to `newly discovered evidence') belatedly submitted by plaintiff. This is not the purpose of a Rule 59(e) motion. A motion for reconsideration made after the entry of an order granting a summary judgment is not proper where the motion is ... simply used by the plaintiff to submit evidence, belatedly, in opposition to the defendant's motion for summary judgment."
(Emphasis omitted.) This Court has also stated that "`"[t]he trial court can consider only that material before it at the time of submission of the motion" and ... any material filed thereafter "comes too late."'" Bean v. State Farm Fire & Cas. Co., 591 So.2d 17, 20 (Ala.1991)(quoting Sheetz, Aiken & Aiken, Inc. v. Spann, Hall, Ritchie, Inc., 512 So.2d 99, 101 (Ala. 1987)).
In Bean, the Beans submitted a filing in opposition to State Farm's motion for a summary judgment, but did not file any affidavits or depositions with that filing. After the trial court granted State Farm's motion for a summary judgment, the Beans filed a "Motion for Relief" from the summary judgment. They included affidavits and deposition testimony with their motion. The trial court denied the Beans' motion because the affidavits and depositions filed with their motion were not before the court when it ruled on State Farm's summary-judgment motion. This Court affirmed the trial court's summary judgment.
Similarly, White supported her motion with an affidavit and a copy of the letter she had sent to the EEOC. "[H]ad plaintiff offered a proper explanation for [her] failure to offer that additional evidence in response to defendant's motion for summary judgment, the trial court could have considered it in deciding whether to amend or vacate its entry of summary judgment." Moore, 501 So.2d at 1189. White has made no showing that this evidence was newly discovered, that is, that it was discovered after the trial court entered its summary judgment, nor has she offered any other explanation for her delay in filing the supporting documents. Because the trial court stated that this belatedly submitted evidence was the sole basis for granting what it construed as a Rule 59(e) motion to vacate, alter, or amend the summary judgment, the grant of White's motion was based on evidence that the trial court should not have considered. We therefore grant OCAP's petition for the writ of mandamus and issue the writ directing the trial court to vacate its order granting White's motion and to reinstate the summary judgment for OCAP.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., and JOHNSTONE, J., dissent.
JOHNSTONE, Justice (dissenting).
I respectfully dissent. In the affidavit White submitted on January 29, 2001 in opposition to the motion for summary judgment, she did explain why her submission of the letter itself would be delayed: "I am attempting to find a copy of this letter and will file it in this case if found." The trial court did not hear the motion for summary judgment or the motion to strike until February 28, 2001 and did not grant those motions until March 21, 2001. Less than 30 days later, on April 10, 2001, White filed her "Motion for New Trial or Rehearing" and thereby preserved the jurisdiction of the trial court to reconsider the summary judgment and the later-filed letter and affidavit. "Rule 6(d), A.R. Civ. P., allows the trial court discretion to permit *96 the service of affidavits that might otherwise be untimely, and its decision to accept such affidavits will not be reversed absent an abuse of discretion." Middaugh v. City of Montgomery, 621 So.2d 275, 279 (Ala.1993). To like effect is Speer v. Pin Palace Bowling Alley, 599 So.2d 1140, 1142 (Ala.1992): "According to Rule 56(c), A.R. Civ. P., if the nonmoving party files an affidavit in opposition to a summary judgment motion, the affidavit shall be served prior to the day of the hearing on the motion. However, Rule 6(d), A.R. Civ. P., qualifies Rule 56(c) by placing it within the trial court's discretion to permit, or to refuse to consider, an affidavit that is untimely." The trial court acted within its discretion in considering the later-filed letter and affidavit. Middaugh and Speer, supra. I respectfully submit that the trial court is entitled to rehear the summary judgment.
MOORE, C.J., concurs.