MOORE, Judge.
Ashley’s Seining, Ashley Eaton, Eddie Eaton, and Sharon Eaton (sometimes hereinafter referred to collectively as “the Eatons”) appeal from a summary judgment entered by the Sumter Circuit Court in favor of JMK Farms and James Kuyk-endall. We reverse and remand.

Procedural Facts

On August 26, 2003, JMK Farms (“JMK”) and James Kuykendall, the owner of JMK Farms, filed a complaint against Ashley’s Seining and Ashley Eaton. JMK and Kuykendall subsequently amended their complaint on July 7, 2004, to add Eddie Eaton and Sharon Eaton as defendants. JMK and Kuykendall alleged that all the defendants had breached four contracts, totaling $42,202.50, for the purchase of catfish removed from JMK’s ponds in December 2002. On September 30, 2004, JMK and Kuykendall filed a motion for summary judgment against Ashley’s Seining and Ashley Eaton. On October 12, 2004, the Eatons filed an answer, denying the allegations of the complaint, asserting various affirmative defenses, and stating a counterclaim against JMK and Kuykendall alleging the tort of outrage. On October 22, 2004, JMK and Kuykendall amended them summary-judgment motion to address their claims against Eddie Eaton and Sharon Eaton.
On October 26, 2004, the trial court notified the parties that a hearing on the amended summary-judgment motion would be held on November 4, 2004. The record shows that that notice was sent to the Eatons but that the notice was not sent to the attorney for the Eatons. On November 4, 2004, the Eatons filed a motion to continue the hearing on the summary-judgment motion, along with the affidavits of Eddie Eaton and Ashley Eaton. JMK and Kuykendall moved to strike those affidavits on the ground that they were untimely. On November 8, 2004, the trial court entered a judgment in which it denied the motion to continue the hearing and entered a summary judgment in favor of JMK and Kuykendall.
On November 16, 2004, the Eatons filed a postjudgment motion. On that same date, the Eatons amended their answer to withdraw their counterclaim. On February 14, 2005, the postjudgment motion was denied by operation of law. The Eatons timely appealed on March 10, 2005.[1]

Substantive Facts

The evidence attached to JMK and Kuykendall’s summary-judgment motion indicates that the Eatons all do business together as Ashley’s Seining and that, on December 12, 15, 19, and 26, 2002, the *493 Eatons agreed to purchase catfish from JMK at a rate of 40 cents per pound and to submit payment for the same within 30 to 35 days of the delivery date. Ashley, Eddie, and Sharon all participated in the seining of the catfish, which were later delivered to a processor in Chicago. The evidence presented by JMK and Kuyken-dall indicates that Kuykendall told the Ea-tons that he did not care to whom they sold the catfish, but that he expected payment from them, and that Eddie and Ashley agreed to that method of payment. The Eatons did not pay within the time allotted. In 2003, Kuykendall and a friend, Wallace Edmonds, drove to Macon, Mississippi, where the Eatons worked, and tried to collect the amounts due. At that time, Eddie told Kuykendall that he remembered their conversation about who would be responsible for payment. Nevertheless, Eddie told Kuykendall that JMK would get its money once an employee of the processor came to Macon and that Eddie would call him about the payment after the employee’s visit. Eddie did not call Kuykendall, so Kuykendall and Ed-monds returned to Macon. On that visit, Eddie and Sharon told Kuykendall that he would have to speak with Ashley about the debt. Kuykendall asked Eddie to tell Ashley to call him, but, according to Kuyken-dall, Ashley did not call or send payment. JMK was never paid. As of August 15, 2003, the total amount due was $42,202.50.
In his affidavit, Ashley attested that he owns and operates Ashley’s Seining. Ashley stated that the Eatons merely seined the catfish and delivered them to the processor. Ashley denied that he ever agreed that the Eatons would compensate JMK and Kuykendall for the catfish. Rather, Ashley attested that JMK and Kuykendall had understood that the processor who ultimately received the catfish would pay, which, according to Ashley, was what JMK and Kuykendall had agreed to and was also consistent with ordinary business practices in the seining trade. Eddie swore that he had never agreed with JMK and Kuykendall that the Eatons would be responsible for payment. Eddie stated that, when Kuykendall had approached him in Macon, he had acknowledged that Kuykendall had earlier said that he expected payment from Ashley and/or Ashley’s Seining, but he denied that he ever agreed that Ashley or Ashley’s Seining was, in fact, responsible for that payment. Eddie attested that Kuykendall and JMK had agreed to accept payment from the processor in accordance with the ordinary business practice in the seining trade.

Issues

The Eatons argue that the trial court erred in failing to provide them 10 days’ notice of the summary-judgment hearing and in entering the summary judgment. We find the first issue dispositive.

Analysis

Rule 56(c)(2), Ala. R. Civ. P., provides:
“(2) Time. The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned. Subject to subpara-graph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing.”
In this case, JMK and Kuykendall filed their original motion for a summary judgment on September 30, 2004. That motion was supported by the affidavits of Kuykendall and Edmonds and various exhibits, including the “weight tickets” showing the weight of the catfish removed from JMK’s ponds. On October 22, 2004, JMK *494 and Kuykendall amended their motion for a summary judgment to address their claims against Eddie Eaton and Sharon Eaton; JMK and Kuykendall did not, however, supplement that motion with any additional evidentiary material. On October 26, 2004, the trial- court issued notices to the Eatons that the motion for a summary judgment would be heard on November 4, 2004.
Strictly speaking,' the trial court did not violate the terms of Rule 56(c)(2). Rule 56(c)(2) states that the motion and supporting materials must be served at least 10 days before the time fixed for the hearing. JMK and Kuykendall served their motion and evidentiary materials on the Eatons at the latest on October 22, 2004. The trial court set the hearing for November 4, 2004, which was 13 days after the motion and supporting materials had been served.
However, in Hightower & Co. v. United States Fidelity & Guaranty Co., 527 So.2d 698, 702-03 (Ala.1988), our supreme court construed Rule 56(c)(2) as requiring 10 days’ notice of the hearing on a motion for a summary judgment. See also Kelly v. Harrison, 547 So.2d 443, 445 (Ala.1989) (plurality opinion); and Nolen v. Peterson, 544 So.2d 863, 866 (Ala.1989). Moreover, in Bank of Brewton, Inc. v. International Fidelity Insurance Co., 827 So.2d 747 (Ala. 2002), our supreme court held that Rule 56(c)(2) is subject to Rule 6, Ala. R. Civ. P., which provides, in pertinent part:
“(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.”
(Emphasis added.) When it issued the notice on October 26, 2004, the trial court was required to set the hearing at least 10 days, excluding intermediate Saturdays and Sundays, from that date. Accordingly, the earliest date the hearing could have been set in compliance with Rule 56(c)(2) and Rule 6 was November 9, 2004. The trial court violated the 10-day-notice requirement set out in Rule 56(c)(2) by setting the hearing on the motion for a summary judgment on November 4, 2004.
By the plain language of the rule, compliance with the notice provision in Rule 56(c) maj'' be excused by the consent of the parties. In this case, the Eatons filed a motion to continue the hearing. They also filed a Rule 59, Ala. R. Civ. P., motion, objecting to the scheduling of the hearing, after entry of the summary judgment. Hence, the Eatons did not waive their right to insist on 10 days’ notice of the hearing.
Additionally, a trial court has the discretion to hold a summary-judgment hearing on less than 10 days’ notice when no actual prejudice results. Middaugh v. City of Montgomery, 621 So.2d 275 (Ala.1993). In this case, the Eatons claimed in their Rule 59 motion that they were actually prejudiced because, they asserted, due to the shortened time, their counsel was *495 unable to generate and file opposing evi-dentiary materials until the date of the hearing, in violation of the last sentence of Rule 56(c)(2). The Eatons claim that the trial court excluded their evidence, based on that violation, to their prejudice. The record discloses that JMK and Kuykendall filed a motion to strike the affidavits of Eddie and Ashley based on their untimeliness. The trial court did not expressly rule on that motion, but, in its judgment, it described the evidence it considered, which did not include the affidavits filed by the Eatons, implying that it struck those affidavits. Hence, the Eatons demonstrated that they were actually prejudiced by the failure of the trial court to give them 10 days’ notice of the hearing on the sum-maty-judgment motion. See Middaugh, supra.
Because the trial court exceeded its discretion by conducting a hearing on the motion for a summary judgment on less than 10 days’ notice, we reverse the summary judgment and remand the cause for further proceedings. We instruct the trial court to reissue a notice of hearing date in compliance with Rule 56(c)(2) and to consider all evidentiary materials timely filed by both sets of parties in anticipation of that hearing date, including the affidavits of Eddie and Ashley.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN and THOMAS, JJ., concur.

. Although the notice of appeal was filed on March 10, 2005, the Sumter Circuit Court transmitted the notice of appeal and the record to this court on June 27, 2008.