THOMAS, Judge.
Clyde F. Helton, Jr., appeals from the Bibb Circuit Court’s summary judgment in favor of Brent Belcher Properties, Ltd. (“Belcher Properties”), and Brent Belcher (hereinafter collectively referred to as “the defendants”).

Facts and Procedural History

On June 16, 2006, Helton, an employee of Belcol Wood, Inc., was injured during the course of his employment when he fell through a skylight and suffered severe and permanent injuries. In a previous proceeding, Helton filed a workers’ compensation action against Belcol Wood; the parties to that action reached a settlement agreement awarding Helton workers’ compensation benefits. A general release of liability was included in the settlement agreement.
On June 16, 2008, Helton filed the present action against the defendants. Helton alleged that Belcher Properties owned the property upon which Helton had sustained his injuries, and he asserted that the defendants were negligent and/or wanton in failing to safeguard the property and that the defendants had “entered into certain contractual or indemnity agreements, to provide for assumption of liability for injuries sustained on the property,” of which Helton is allegedly a third-party beneficiary, and had subsequently breached those agreements. On July 18, 2008, the defendants filed an answer.
On August 28, 2009, the defendants filed a motion for a summary judgment arguing that Helton’s acceptance of workers’ compensation benefits estopped him from resorting to any other remedy and that the defendants did not own, manage, lease, or maintain the property upon which Helton had sustained his injuries. The defendants attached to their summary-judgment motion the affidavit of Brent Belcher, vice president of Belcol Wood, stating that Belcol Wood leased and maintained the property upon which Helton sustained his injuries and that the defendants were not liable to Helton because they did not own, manage, lease, or maintain the property at the time Helton had sustained his injuries. The defendants’ summary-judgment motion was set for a hearing to occur on November 5, 2009.
On November 3, 2009, Helton filed a response in opposition to the defendants’ summary-judgment motion in which he argued that Belcher Properties did, in fact, own the subject property and that the defendants had failed to address his breaeh-of-contract claim. Attached to Hel-ton’s response were documents purporting to show that Belcher Properties owned the property upon which Helton had sustained his injuries. On November 4, 2009, the defendants filed a motion to supplement their summary-judgment motion with the affidavit of Patrick Matlock, a mapper for the Bibb County tax assessor/collector, and various other documents. Those documents indicated that Belcher Properties did not own the property upon which Hel-ton had sustained his injuries on the date that Helton sustained his injuries.
On November 5, 2009, the circuit court entered a summary judgment in favor of the defendants on all claims, stating as follows:
“This matter is before the Court on the [defendants’] motion for summary judgment. The Court, having considered the evidence and arguments in favor of and in opposition to said motion, finds that the same is due to be and is hereby granted. The Court hereby en *28 ters judgment in favor of the [defendants] and against [Helton].”
On December 7, 2009, Helton filed a postjudgment motion to alter, amend, or vacate the circuit court’s judgment, which was denied by operation of law. On April 19, 2010, Helton filed an appeal to this court. This court transferred his appeal to the supreme court for lack of subject-matter jurisdiction, and that court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.

Standard of Review

“A party is entitled to a summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Rule 56(c), Ala. R. Civ. P. ‘Our standard of review in cases involving summary judgments is de novo.’ Lee v. Burdette, 715 So.2d 804, 806 (Ala.Civ.App.1998). ‘In reviewing the disposition of a motion for [a] summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact’ and whether the movant ‘is entitled to a judgment as a matter of law.’ Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c)(3), Ala. R. Civ. P. ‘[I]f the moving party makes a prima facie showing that no genuine issue of material fact exists, then the burden ... shifts to the non-movant; ... the non-movant must show “substantial evidence” in support of his position.’ Bass v. SouthTrust Bank, 538 So.2d 794, 798 (Ala.1989). Evidence is ‘substantial’ if it is ‘of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989). Our review is further subject to the caveat that this court must review the record in a light that is most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).”
Prime v. Wal-Mart Stores, Inc., 804 So.2d 1102, 1103-04 (Ala.Civ.App.2001). Further, our supreme court has held that
“this Court will affirm the trial court on any valid legal ground presented by the record, regardless of whether that ground was considered, or even if it was rejected, by the trial court. Ex parte Ryals, 773 So.2d 1011 (Ala.2000), citing Ex parte Wiginton, 743 So.2d 1071 (Ala.1999), and Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). This rule fails in application only where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a totally omitted affirmative defense might, if available for consideration, suffice to affirm a judgment, Ameriquest Mortgage Co. v. Bentley, 851 So.2d 458 (Ala.2002), or where a summary-judgment movant has not asserted before the trial court a failure of the nonmovant’s evidence on an element of a claim or defense and therefore has not shifted the burden of producing substantial evidence in support of that element, Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Kennedy v. Western Sizzlin Corp., 857 So.2d 71 (Ala.2003)).”
Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003).

Discussion

As the summary-judgement movants, the defendants had the initial burden of *29 showing that there was no genuine issue of material fact concerning Helton’s claims and that they were entitled to a judgment as a matter of law.
The defendants’ first argument in their summary-judgment motion was that Helton was estopped from suing them based on the exclusivity provisions of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. See §§ 25-5-52 and -53, Ala.Code 1975. It is undisputed that Helton received workers’ compensation benefits from Belcol Wood for the injuries he sustained. However, the circuit court could not have properly granted a summary judgment in favor of the defendants on this ground because the defendants waived this affirmative defense[1] by failing to include it in their answer. Rather, without amending their answer, the defendants set forth the affirmative defense in their subsequently filed summary-judgment motion. Further, Hel-ton timely objected to the defendants’ raising the affirmative defense for the first time in their summary-judgment motion. Therefore, the defendants waived the affirmative defense. See Bechtel v. Crown Central Petroleum Corp., 451 So.2d 793 (Ala.1984); see also Marlow v. Mid South Tool Co., 535 So.2d 120, 125 (Ala.1988) (“Only if an answer fails to assert an affirmative defense that is argued in a subsequently filed motion for summary judgment is the affirmative defense deemed waived.”).
The only other argument that the defendants raised in their summary-judgment motion was that they did not own, manage, lease, or maintain the property upon which Helton had sustained his injuries and, thus, could not be liable to Helton.
In his complaint, Helton claimed that the defendants were negligent and/or wanton based on their alleged failure “to adequately safeguard [Helton] from falling through the unmarked skylights” and by “painting over or otherwise disguising said skylights or in failing to make the property reasonably safe.” Vital to Helton’s claim is that Belcher Properties owned, or the defendants otherwise had control of, the property upon which Helton had sustained his injuries.
The defendants supported their summary-judgment motion with Belcher’s affidavit indicating that the defendants did not own, manage, lease, or maintain the property upon which Helton had sustained his injuries. Helton’s response in opposition to the summary-judgment motion was supported with documents that he claimed reflected the results of a title search on the property upon which Helton had sustained his injuries. Helton alleges that the title-search documents created a genuine issue of material fact as to whether Belcher Properties owned the subject property at the time Helton sustained his injuries. The defendants filed a supplement to their summary-judgment motion, supported by the affidavit of Patrick Matlock, a mapper for the Bibb County tax assessor/collector since 1980, and accompanying documents indicating that the subject property was not owned by Belcher Properties on the date that Helton sustained his injuries.
In his brief on appeal, Helton argues that the circuit court “committed reversible error when it granted summary judgment for the [defendants] where they did not fully submit all evidence at least 10 days before the hearing on [their motion for a] summary judgment.” However, because the circuit court granted the defendants’ summary-judgment motion without *30 explanation, there is nothing in the record to indicate that the circuit court relied upon the documents attached to the defendants’ supplement filed on November 4, 2009.
Regardless, Helton raises this argument for the first time on appeal. Hel-ton failed to file a motion to strike the documents submitted in support of the defendants’ November 4, 2009, supplement and failed to assert this argument in his motion to alter, amend, or vacate the circuit court’s judgment. “It is well known that “we cannot reverse the judgment of the trial court based on an argument not made below and urged for the first time on appeal.’ ” White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1057 (Ala.2008) (quoting Singleton v. State Farm Fire & Cas. Co., 928 So.2d 280, 285 (Ala.2005)).
Moreover, our supreme court addressed this issue in Peebles v. Mooresville Town Council, 985 So.2d 888 (Ala.2007). In Pee-bles, a town council filed a motion for a summary judgment in the trial court, to which Peebles and other plaintiffs (“the Peebles group”), the nonmovants, filed a brief in opposition. Only one day before the hearing on the summary-judgment motion, the town council filed a reply brief with supporting evidence. The Peebles group objected to the reply brief on the basis that
“it had not been served at least 10 days before the hearing, in violation of Rule 56(c)(2), Ala. R. Civ. P., which states that ‘[t]he motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing....’”
Peebles, 985 So.2d at 391. The trial court in Peebles took no action in response to the Peebles group’s objection and granted the town council’s summary-judgment motion. The Peebles group appealed to the Alabama Supreme Court.
Our supreme court held:
“Rule 56(c)(2), [Ala. R. Civ. P.,] states that ‘[t]he motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing....’ Even if the hearing, held by the trial court a mere one day after the Town defendants served additional ‘supporting materials,’ i.e., the reply brief, violated the 10-day notice requirement of Rule 56(c)(2), the Peebles group has not shown that it was prejudiced by the trial court’s action. As this Court stated in Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826, 828 (Ala.1991):
“‘Once a party shows noncompliance with the notice requirement, the party then must show that the trial court abused its discretion by failing to comply with that requirement. To demonstrate an abuse of discretion, the party need only come forth with any showing that the denial of the full 10-day notice period worked to his prejudice. Kelly [v. Harrison, 547 So.2d 443, 445 (Ala.1989) ].’
“The Peebles group claims that it was prejudiced in that it was unable to study and to respond to the brief served the day before the hearing; however, it has failed to identify exactly how its inability to study the brief prejudiced it, and this Court sees no evidence of such prejudice.”
Peebles, 985 So.2d at 392.
In the present case, as in Peebles, Helton has failed to show how he was prejudiced by the circuit court’s action. Therefore, Helton has not shown that this is a valid basis for reversing the circuit court’s judgment.
*31 The documents that Helton attached to his response opposing the defendants’ summary-judgment motion indicated that Belcher Properties owned three parcels of property in Bibb County. Hel-ton failed to include an affidavit or any other evidence indicating that one of the properties that Belcher Properties owned was the property upon which Helton had sustained his injuries. In response, the defendants submitted evidence indicating that the property upon which Helton had sustained his injuries was a separate parcel of property owned by Olon Belcher Land Company, Inc. Helton did not submit any evidence to refute the defendants’ evidence, nor did he file a motion to strike the defendants’ evidence.
There is no genuine issue of material fact concerning the defendants’ ownership or control over the property upon which Helton had sustained his injuries, and, thus, we affirm the summary judgment as to Helton’s claim of negligence and/or wantonness.
Also in his complaint, Helton claimed that the defendants had entered into indemnity agreements “to provide for assumption of liability for injuries sustained on the property made the basis of this lawsuit,” that Helton was a third-party beneficiary of those agreements, and that the defendants had breached those agreements; the defendants did not address this claim in their summary-judgment motion. In their brief on appeal, the defendants argue that
“a crucial element of [Helton’s breach-of-contract] cause of action requires a finding that [Belcher Properties] or Brent Belcher owned the premises upon which [Helton] was injured or had some other nexus with the premises such as would cause an indemnity agreement to have been in existence between [Hel-ton’s] employer and the [defendants].”
However, the defendants’ contention in their summary-judgment motion that they do not own, or otherwise control, the property upon which Helton had sustained his injuries has no bearing on Helton’s claim that the defendants breached the alleged indemnity agreements. Our supreme court discussed the enforceability of agreements to indemnify for an indemnitee’s own negligence in Holcim (US), Inc. v. Ohio Casualty Insurance Co., 38 So.3d 722 (Ala.2009), as follows:
“[W]e have ... long enforced, in certain cases, written ‘indemnity’ agreements:
“ ‘The Court has, for many years, held that as between private parties, indemnity contracts are enforceable if the contract clearly indicates an intention to indemnify against the consequences of the indemnitee’s negligence, and such provision was clearly understood by the indemnitor, and there is not shown to be evidence of a disproportionate bargaining position in favor of the indemnitee.’
“Industrial Tile, Inc. v. Stewart, 388 So.2d 171, 175 (Ala.1980). This rule includes the enforcement of a valid indemnity agreement that requires an indem-nitor to indemnify an indemnitee for the indemnitee’s own wrongdoing: ‘[I]f the parties knowingly, evenhandedly, and for valid consideration, intelligently enter into an agreement whereby one party agrees to indemnify the other, including indemnity against the indemnitee’s own wrongs, if expressed in clear and unequivocal language, then such agreements will be upheld. 388 So.2d at 176.... Thus, Alabama law recognizes the ability of parties to enter into valid indemnity agreements that allow an in-demnitee to recover from the indemnitor even for claims resulting solely from the negligence of the indemnitee.” *32 38 So.3d at 727-28. An indemnity agreement need not be premised upon any kind of special relationship other than a contractual agreement, and the defendants provide no legal authority to support their assertion that they cannot be liable to Helton under the alleged indemnity agreements simply because they did not own, or otherwise control, the property upon which Helton had sustained his injuries.
A thorough review of the record reveals that the defendants failed to address Hel-ton’s claim that the defendants had breached the alleged indemnity agreements in their summary-judgment motion. The defendants failed to meet their burden by failing to make a prima facie showing that no genuine issue of material fact existed as to this claim. Therefore, we reverse the summary judgment as to Helton’s breach-of-contract claim.

Conclusion

Based on the foregoing, we affirm the summary judgment as to Helton’s negligence and/or wantonness claim; we reverse the summary judgment as to Hel-ton’s breach-of-contract claim, and we remand the cause for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ„ concur.

. See Gaut v. Medrano, 630 So.2d 362, 364 (Ala.1993) (recognizing the exclusivity bar of the Workers’ Compensation Act as an affirmative defense).