PARKER, Justice.
Wade Tucker, the Wendell H. Cook, Sr. Testamentary Trust, and HealthSouth Corporation (hereinafter collectively referred to as “the plaintiffs”) appeal from the circuit court’s partial summary judgment in favor of the Richard M. Scrushy Charitable Foundation, Inc. (“the Foundation”). We reverse and remand.

Facts and Procedural History

The circuit court set forth the relevant facts and the procedural history in its order granting the Foundation’s summary-judgment motion:
“This matter is now before the Court on the Richard M. Scrushy Charitable Foundation (the ‘Foundation’)’s Motion for Partial Summary Judgment. The Court heard oral argument from the parties on July 20, 2010 and on December 2, 2010.
[[Image here]]
“1. On June 18, 2009, this Court entered a judgment against Richard M. Scrushy (‘Scrushy’) in favor of Plaintiffs for roughly $2,876,103,000 (the ‘Judgment’) in Tucker, et al. v. Scrushy, et al., CV-02-5212 (the ‘Tucker Action’).
“2. On October 16, 2009, as part of their efforts to collect on the Judgment, the Plaintiffs issued a process of garnishment to the Foundation in the Tucker Action. A garnishment is a process to execute on ‘money or effects’ of a judgment debtor ‘in the possession or under the control of a third person.’ See Alabama Code [1975,] § 6-6-370. On January 22, 2010, the Foundation filed a sworn answer to the Plaintiffs’ garnishment denying that it ‘has possession or control of any belongings’ of Scrushy.
“3. On February 19, 2010, Plaintiffs filed a ‘Verified Contest of Garnishment Answer of Richard M. Scrushy Charitable Foundation, Inc.,’ pursuant to Alabama Code [1975,] § 6-6-458 (the ‘Garnishment Contest’). As grounds for the Garnishment Contest, Plaintiffs alleged, among other things, that ‘Scrushy has dominated and controlled the Garnishee [Foundation] such that it is the mere alter ego of Scrushy.’ Thus, according to Plaintiffs, the approximately $3 million in assets held by the Foundation are, by operation of law, assets that belong to Scrushy and subject to the payment of Plaintiffs’ Judgment. The Foundation did not file a response to the Plaintiffs’ Garnishment Contest.
“4. In addition to their efforts to execute on the Judgment in the Tucker Action, on July 2, 2009, Plaintiffs filed a separate action, Tucker, et al. v. Scrushy, et al, CV-09-901245,[1] against the Foundation and others, under the Alabama Uniform Fraudulent Transfer Act, (‘AUFTA’), Ala. Code [1975, § ] 8-9A-1 et seq. (the ‘AUFTA Action’). On December 28, 2009, Plaintiffs amended their complaint in the AUFTA Action to assert claims against the Foundation for violation of the AUFTA (Count One), Unjust Enrichment (Count Two), Civil Conspiracy (Count Three) and Aiding and Abetting (Count Four). Plaintiffs allege that: (1) Scrushy fraudulently transferred millions of dollars to the Foundation to avoid payment to Scrushy’s creditors, including Plaintiffs; (2) the Foundation was unjustly enriched by transfers from Scrushy to the detriment of Scrushy’s creditors; (3) the Foundation participated in a conspiracy with Scrushy and others to fraudulently transfer property of Scrushy to the det *85 riment of Scrushy’s creditors, including Plaintiffs; and (4) the Foundation aided and abetted Scrushy to commit fraudulent transfers. Plaintiffs’ complaint in the AUFTA Action does not assert an alter ego claim against the Foundation.
“5. On May 6, 2010, the Foundation moved for partial summary judgment on all of Plaintiffs’ claims in the AUF-TA Action. In its motion for partial summary judgment, the Foundation asserts that Plaintiffs’ claims against the Foundation in the AUFTA Action are time barred. The Foundation’s motion also asserts that Alabama law does not recognize a private cause of action for aiding and abetting. The Foundation’s motion for summary judgment is not directed to and does not address Plaintiffs’ Garnishment Contest.
“6. On June 24, 2010, the Plaintiffs filed an Opposition to the Foundation’s motion for partial summary judgment. On August 16, 2010, the Plaintiffs submitted additional evidence in support of their Opposition. In those submissions, Plaintiffs argued, among other things, that the motion was premature and that Plaintiffs should have an opportunity to engage in additional discovery. On October 1, 2010, this Court entered an Order giving Plaintiffs through October 29, 2010, to take five additional depositions bearing on issues of fact. Subsequently, this Court extended the October 29, 2010, deadline to November 12, 2010. The Court established November 19, 2010 as the deadline for submitting any additional briefs relating to the Foundation’s motion for partial summary judgment.
“7. On November 19, 2010, after conducting the permitted additional discovery, Plaintiffs submitted a filing entitled ‘Supplement in Response to Foundation’s Motion for Partial Summary Judgment and Plaintiffs’ Request for a Trial Setting.’ In this filing, the Plaintiffs (i) acknowledge that Plaintiffs’ claims against the Foundation in the AUFTA Action are time barred because Scrushy’s transfers to the Foundation all occurred prior to July 2, 2003, and (ii) request a trial setting for Plaintiffs’ Garnishment Contest pursuant to Alabama Code [1975,] § 6-6-458 on grounds that Plaintiffs’ motion for partial summary judgment is not directed to and does not resolve their Garnishment Contest. Plaintiffs’ submissions include deposition testimony and documentary evidence which, they contend, support the aver-ments of their Garnishment Contest, including their claim that the Foundation is the mere alter ego and instrumentality of Scrushy.
“[8]. On December 1, 2010, the Foundation filed a ‘Reply to Plaintiffs Supplement in Response to Foundation’s Motion for Partial Summary Judgment and Plaintiffs Request for a Trial Setting.’ In this filing, the Foundation asserts that Plaintiffs are not entitled to a trial of their Garnishment Contest as a matter of law and that summary judgment should also be granted in favor of the Foundation in the Garnishment Contest for various reasons.
“[9]. On December 2, 2010, the Court heard final oral arguments of the parties, including Plaintiffs’ objection that the arguments raised by the Foundation in its December 1, 2010 Reply directed to the Garnishment Contest do not comply with the requirements of Rule 56[, Ala. R. Civ. P.,] governing motions for summary judgment. In deciding the Foundation’s motion for partial summary judgment, this Court has considered the parties’ arguments and written submissions as well as the documentary evidence and affidavits submitted by the parties.
*86 The circuit court entered a summary judgment in favor of the Foundation concerning the plaintiffs’ claims brought under the Alabama Uniform Fraudulent Transfer Act, § 8-9A-1 et seq., Ala.Code 1975 (“the AUFTA”), determining that the plaintiffs’ AUFTA claims were time-barred; the plaintiffs agreed that their AUFTA claims were time-barred. . Concerning the plaintiffs’ garnishment contest filed pursuant to § 6-6-370 et seq., Ala. Code 1975 (“the garnishment statutes”), the circuit court entered a summary judgment against the plaintiffs and in favor of the Foundation, stating as follows:
“With regard to the Plaintiffs’ Verified Contest of Garnishment Answer of Richard M. Scrushy Charitable Foundation, Inc., the Court likewise finds that the Foundation is entitled to final summary judgment on that claim. The Court finds that the Plaintiffs’ garnishment claim against the Foundation arises out of and is predicated upon the transfers which Scrushy made to the Foundation on or before October 10, 2002, rather than upon the Judgment. Accordingly, because Plaintiffs’ fraudulent transfer claims against the Foundation under the AUFTA are time-barred, the process of garnishment issued to the Foundation is also time-barred. Thus, even if the Foundation is the mere alter ego and instrumentality of Scrushy as argued by Plaintiffs, Plaintiffs’ claims in the Garnishment Contest are nonetheless time barred since they arise out of and are predicated upon Scrushy’s transfers to the Foundation which are time-barred.”
The plaintiffs appealed.

Discussion

Initially, we note that the plaintiffs do not appeal the summary judgment in favor of the Foundation as to the plaintiffs’ AUFTA claims. Thus, the only issue before this Court is whether the circuit court’s summary judgment in favor of the Foundation in the plaintiffs’ garnishment contest was in error.
The plaintiffs argue that the circuit court exceeded its discretion by conducting a hearing on that part of the Foundation’s summary-judgment motion that concerned the plaintiffs’ garnishment contest on less than 10 days’ notice as, required by Rule 56(c)(2), Ala. R. Civ. P. We agree.
Rule 56(c)(2) provides:
“(2) Time. The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned. Subject to subpara-graph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing.”
In this case, as set forth above, the Foundation did not file its request for a summary judgment as to the plaintiffs’ garnishment contest until December 1, 2010, the day before the already scheduled December 2, 2010, hearing on the Foundation’s motion filed on May 6, 2010, seeking a summary judgment on the plaintiffs’ AUFTA claims against the Foundation. It is undisputed that at the December 2, 2010, hearing the circuit court heard oral argument on the Foundation’s request for a summary judgment in the plaintiffs’ garnishment contest; the circuit court noted in its judgment that it “heard final oral arguments of the parties, including Plaintiffs’ objection that the arguments raised by the Foundation in its December 1, 2010, *87 Reply directed to the Garnishment Contest do not comply with the requirements of Rule 56[, Ala. R. Civ. P.,] governing motions for summary judgment.”
By the plain language of the rule, compliance with the notice provision in Rule 56(c) may be excused with the consent of the parties. In this case, nothing in the record indicates that the plaintiffs consented to the Foundation’s request for a summary judgment on the plaintiffs’ garnishment contest being heard on less than 10 days’ notice. In fact, as indicated in the circuit court’s judgment, the plaintiffs objected, based on Rule 56, to the circuit court’s consideration at the December 2, 2010, hearing of the Foundation’s request for a summary judgment in the plaintiffs’ garnishment contest. Therefore, the plaintiffs did not waive their right under Rule 56(c)(2) to insist on 10 days’ notice of the hearing.
Additionally, we note that “the requirements of Rule 56(c) are procedural in nature, and the trial court is afforded a wide range of discretion in applying them.” Middaugh v. City of Montgomery, 621 So.2d 275, 279 (Ala.1993). Further, noncompliance with the 10-day-notice requirement does not constitute reversible error absent a showing of actual prejudice. Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826, 828 (Ala.1991). In the instant case, prejudice to the plaintiffs was inevitable. Under Rule 56(c)(2), which requires that “any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing,” the plaintiffs did not even have an opportunity to respond to the Foundation’s request for a summary judgment in their garnishment contest because the Foundation’s request was filed only one day before the hearing at which that request was contested. Therefore, having been deprived of the opportunity to respond to the Foundation’s summary-judgment request as to the plaintiffs’ garnishment contest, the plaintiffs were necessarily prejudiced by the failure of the circuit court to comply with Rule 56(c)(2).
The Foundation argues that “[although the [circuit] court held a summary judgment hearing on December 2, 2010, the [circuit] court did not actually enter its Memorandum Opinion and Order until February 7, 2011 .... ” The Foundation’s brief, at p. 54. Thus, the Foundation argues, the plaintiffs “suffered no prejudice because they had ample opportunity to file supplemental briefs and chose not to do so.” Id. The Foundation appears to argue that the plaintiffs could have avoided being prejudiced and could have corrected the circuit court’s error in considering the Foundation’s summary-judgment request at the December 2, 2010, hearing by voluntarily filing an opposition to the Foundation’s summary-judgment motion following the hearing and before the circuit court entered the summary judgment. However, the Foundation provides no legal support for its argument, and nothing in Rule 56 allows a party to file an untimely opposition to a summary-judgment motion. The Foundation’s argument is not well taken.

Conclusion

Because the circuit court exceeded its discretion by conducting a hearing on the Foundation’s request for a summary judgment in the plaintiffs’ garnishment contest on less than 10 days’ notice in violation of Rule 56(c)(2) and over the objections of the plaintiffs, we reverse the circuit court’s summary judgment insofar as it considered the plaintiffs’ garnishment contest, and we remand the cause for further proceedings. We instruct the circuit court to reissue a notice of hearing date in compliance with Rule 56(c)(2) and to consider all evidentiary materials timely filed by both *88 sets of parties in anticipation of that hearing date.[1]
REVERSED AND REMANDED WITH INSTRUCTIONS.
MALONE, C.J., and STUART, SHAW, and WISE, JJ., concur.

" [1] Although that action was initially pending before Judge Michael Graffeo, it was sub *86 sequently transferred and consolidated with Tucker v. Scrushy, CV-02-5212.”

. We note that the plaintiffs also argue that the circuit court’s summary judgment in their garnishment contest was in error because, the plaintiffs argue, their garnishment contest was not time-barred. However, our decision reversing the circuit court's summary judgment in that regard based on our holding that the circuit court exceeded its discretion by conducting a hearing on the Foundation's summary-judgment request in the garnishment contest on less than 10 days' notice pretermits discussion of this issue.