BRYAN, Judge.
Ethel L. Hooks, individually and on behalf of her four minor children (“Hooks”), appeals from a summary judgment entered in favor of Joseph D. Pettaway. We reverse and remand.
*392 On September 14, 2009, Hooks and Pett-away were involved in an automobile accident in Mobile County. On February 26, 2010, Hooks sued Pettaway, alleging claims of negligence and wantonness. Pettaway answered, denying the material allegations of the complaint and asserting various affirmative defenses. The trial court scheduled a jury trial for March 14, 2011, but, after two requests for a continuance, the trial was rescheduled for September 27, 2011. On September 21, 2011, six days before the scheduled trial date, Hooks took the deposition testimony of a physician who had provided treatment in this case. On September 26, 2011, one day before the scheduled trial date, Pettaway moved for a summary judgment, relying on the physician’s deposition testimony taken by Hooks on September 21. In Pettaway’s summary-judgment motion, he alleged that Hooks had failed to prove that Pettaway’s actions had caused Hooks’s alleged injuries. On September 27, 2011, the day the jury trial was scheduled to occur, the trial court entered a summary judgment in favor of Pettaway.
On September 28, 2011, Hooks filed a postjudgment motion to alter, amend, or vacate the summary judgment. In her postjudgment motion, Hooks argued, among other things, that Pettaway’s motion did not comply with the requirements of Rule 56, Ala. R. Civ. P., because, Hooks said, the motion was filed “too late.” Hooks also argued in her postjudgment motion that she had objected to the trial court’s “entertaining the [summary-judgment] motion in violation of ... Rule [56].” The trial court denied the postjudgment motion on November 3, 2011. Hooks timely appealed to the supreme court, and the supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Hooks first argues that the trial court erred in entering a summary judgment because, Hooks says, it failed to comply with the notice requirements of Rule 56(c)(2), Ala. R. Civ. P., which reads:
“The motion for summary judgment, with all supporting materials, including any briefs, shall be served at least ten (10) days before the time fixed for the hearing, except that a court may conduct a hearing on less than ten (10) days’ notice with the consent of the parties concerned. Subject to subparagraph (f) of this rule, any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing.”
In this case, a trial was scheduled for September 27, 2011, at 8:30 a.m. Pettaway filed his summary-judgment motion on September 26, 2011, one day before the scheduled trial date, and the trial court entered the summary judgment on September 27. The record on appeal does not clearly indicate whether a hearing of some type occurred on September 27. However, the record suggests that some type of hearing may have occurred on that date. In her postjudgment motion, Hooks asserted that she had objected to the trial court’s “entertaining the [summary-judgment] motion.” In response to Hooks’s postjudgment motion, Pettaway stated that a hearing was held on September 27. Although it is unclear, based on those statements and the fact that a trial was scheduled for September 27, it appears that some type of hearing was likely held on that date. However, the trial court never actually scheduled a hearing for the purpose of considering the summary-judgment motion.
Our supreme court’s recent decision in Tucker v. Richard M. Scrushy Charitable Foundation, Inc., 93 So.3d 83 (Ala.2012), is instructive. In Tucker, the Foundation moved for a partial summary judgment on *393 fewer than all Tucker’s claims in May 2010, and the trial court scheduled a hearing on the motion for December 2, 2010. Id. at 87. On December 1, 2010, the day before the hearing, the Foundation, for the first time, moved for a summary judgment on Tucker’s garnishment claim. The trial court held the scheduled hearing on December 2, and it entered a summary judgment in favor of the Foundation on all the claims. The trial court entered the summary judgment over Tucker’s objection that, in moving for a summary judgment on the garnishment claim on December 1, the Foundation had not complied with the notice requirements of Rule 56(c).
Our supreme court reversed the summary judgment on the garnishment claim. The supreme court held that the trial court had “exceeded its discretion by conducting a hearing on the Foundation’s request for a summary judgment ... on less than 10 days’ notice in violation of Rule 56(c)(2) and over the objections of the plaintiffs.” Id. at 88. The supreme court noted that “noncompliance with the 10-day-notice requirement does not constitute reversible error absent a showing of actual prejudice.” Id. (citing Hilliard v. SouthTrust Bank of Alabama, N.A., 581 So.2d 826, 828 (Ala.1991)). However, the supreme court concluded that
“prejudice to [Tucker] was inevitable. Under Rule 56(c)(2), which requires that ‘any statement or affidavit in opposition shall be served at least two (2) days prior to the hearing,’ [Tucker] did not even have an opportunity to respond to the Foundation’s request for a summary judgment in [his] garnishment contest because the Foundation’s request was filed only one day before the hearing at which that request was contested. Therefore, having been deprived of the opportunity to respond to the Foundation’s summary-judgment request as to [Tucker’s] garnishment contest, [Tucker was] necessarily prejudiced by the failure of the circuit court to comply with Rule 56(c)(2).”
Tucker, 93 So.3d at 83.
This case is analogous to Tucker. As in Tucker, the summary-judgment motion in this case was filed only one day before the trial court considered that motion. Under the reasoning in Tucker, allowing Hooks only one day’s notice to prepare a response to the motion caused inevitable prejudice to Hooks. As in Tucker, there is no indication that Hooks consented to hearing the summary-judgment motion on less than 10 days’ notice. Thus, we must reverse the summary judgment.
In Tucker, although a hearing was held, there was insufficient notice under Rule 56(c)(2). In this case, it is unclear whether a hearing on the summary-judgment motion occurred on September 27, 2011. Even assuming that no hearing occurred on September 27, 2011, the trial court’s summary judgment is still due to be reversed. If no hearing was held, Hooks experienced even more prejudice by not being allowed the benefit of a hearing.
Although Hooks may not ultimately prevail in opposing the motion for a summary judgment, she is entitled to an opportunity to respond to the motion. Rule 56(c)(2); and Tucker; see also Moore v. GAB Robins North America, Inc., 840 So.2d 882, 884 (Ala.2002) (reversing a summary judgment entered, without a hearing, after the trial court indicated that a summary-judgment hearing would be set and stating that the defendant “deserve[d] the opportunity to raise a genuine issue of material fact through his opposition to the motions for a summary judgment”). Based on the foregoing, we reverse the trial court’s summary judgment, and we remand the case *394 to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.